**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 1:09CR0189 |
| | ) | 1:12CV2241 |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER BOYKO |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| **DENNIS MCKENZIE,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on the Government's Motion to Dismiss Motion Under 28 U.S.C. §2255 (ECF#390). The Defendant has not filed a response. For the following reasons, the Court **GRANTS** the Government's Motion and dismisses Defendant's Petition.

On August 31, 2012, Defendant filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (ECF#387). A one year period of limitation governs motions for collateral relief under 28 U.S.C. §2255. The one-year period runs from "the latest of" four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental

1

action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f)

Defendant's Judgment of Sentence was filed on April 20, 2010. Defendant filed a Notice of Appeal on April 27, 2010. On January 29, 2011, the Court of Appeals affirmed the District Court's Judgment, finding there were no viable issues for appeal. As such, the clock for the filing of the §2255 motion began to run on May 4, 2010, and the time for filing of a motion expired on May 4, 2011. The time in which Defendant had to file his §2255 motion, that is May 4, 2011, is well beyond the actual filing date of August 31, 2012.

Defendant acknowledges in his Petition that his motion is untimely. He cites the language of 28 U.S.C. §2255(f)(2) as the basis for the same, but does not provide a supporting factual basis for the motion's untimeliness. Therefore, the Court finds that Defendant's Motion is untimely, grants the Government's Motion to Dismiss and **DISMISSES** Defendant's Motion Under 28 U.S.C. §2255.

     IT IS SO ORDERED.

Dated: 10/30/2012

          *S/Christopher A. Boyko*
          CHRISTOPHER A. BOYKO
          UNITED STATES DISTRICT JUDGE